UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 180 LAND CO LLC, et al., | Case No. 2:19-CV-1471 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CITY OF LAS VEGAS, et al., | |
| Defendant(s). | |

Presently before the court is 180 Land Company, LLC; Fore Stars, Ltd.; and Seventy Acres, LLC's ("plaintiffs") motion to remand. (ECF No. 7). Defendant City of Las Vegas ("the city") filed a response (ECF No. 9), to which plaintiffs replied (ECF No. 10).

**I.  Background**

The instant action is an inverse condemnation claim against the city. (ECF No. 9 at 4). Plaintiffs' predecessor-in-interest designated a 250-acre property in Las Vegas, which was formerly known as the Badlands Gold Course, as open space. *Id.* at 3. Plaintiffs acquired the property in 2015 and now seek to redevelop it. *Id.* Plaintiffs applied to the city to rezone the property and approve various construction projects. *Id.*

> The City Council approved the [plaintiff's] applications for 435 condominiums, denied the [plaintiff's] applications for 61 single family homes and struck some of the [plaintiff's] applications because they failed to meet procedural requirements of the City's Unified Development Code and that were established in an earlier court proceeding.

*Id.* In response to the city's decisions, plaintiffs filed this action and three others in the Eighth Judicial District Court. *Id.* at 3–4.

In this particular action, plaintiffs are "seeking just compensation for the [c]ity's taking of [their] 65 Acre private undeveloped residentially zoned property." (ECF No. 7 at 2). The city avers that "[t]he instant case alleges the taking of a 65-acre portion of the [p]roperty for which the [plaintiffs] did not file any particular land use applications for the City Council's consideration." (ECF No. 9 at 4).

The city filed a motion to dismiss this action while it was pending in state court and filed various motions and writ petitions in the three related cases. (ECF No. 7 at 4–7). "The case was bounced from one department to another and sat idle in an empty department for some time." (ECF No. 9 at 4). Before the state court could address the motion to dismiss, the United States Supreme Court issued its opinion in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019). *Id.* The city then removed this case and each related case. (ECF No. 1); *see also* Case Nos. 2:19-cv-01467-KJD-DJA; 2:19-cv-0149-JAD-NJK; and 2:19-cv-01470-RFB-BNW.

## II.     Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

James C. Mahan
U.S. District Judge

- 2 -

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

### III. Discussion

As an initial matter, the city bears the burden of proving that plaintiffs' complaint contains a cause of action within this court's jurisdiction. "In scrutinizing a complaint in search of a federal question, a court applies the well-pleaded complaint rule." *Ansley*, 340 F.3d at 861 (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). "For removal to be appropriate under the well-pleaded complaint rule, a federal question must appear on the face of a properly pleaded complaint." *Id.* (citing *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998)).

For the purpose of the instant motion, the court assumes that plaintiffs' various allegations under the Fifth Amendment of the United States Constitution satisfy the well-pleaded complaint rule. Because the court assumes that plaintiffs' complaint contains a federal question on its face,

the city must prove that its notice of removal was timely. "The removal statute provides for two thirty-day windows during which a case can be removed." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). The parties agree that the city did not remove the instant action within thirty days of receiving the initial complaint. (ECF Nos. 7, 9). Thus, the city missed its first opportunity to remove this case.

Instead, the city contends that the United States Supreme Court's decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), constitutes "other paper" that gave it thirty days to remove the instant action pursuant to 28 U.S.C. § 1441(b)(3).[1] (ECF No. 9). The Supreme Court's decision in *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City* established an "exhaustion" requirement: inverse condemnation claims were unripe in federal court until the plaintiff exhausted his or her state court remedies. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95 (1985). Consequently, the city argues that the instant action could not be removed until *Knick* overruled *Williamson Cnty.* because this court would have lacked jurisdiction over plaintiffs' inverse condemnation claim. (ECF No. 9).

Accordingly, if the *Knick* decision is "other paper" within the scope of 28 U.S.C. § 1441(b)(3), removal is proper. If it is not, remand is appropriate.

The city relies on a case from the Eastern District of Michigan, *Smith v. Burroughs Corp.*, for the proposition that "[28 U.S.C. § 1441(b)(3)] on its face indicates that it covers virtually any situation in which an action not initially removable later becomes removable." *Smith v. Burroughs Corp.*, 670 F. Supp. 740, 741 (E.D. Mich. 1987). However, "the *Smith* decision 'seems to stand alone' in its holding that a decision external to the case may trigger removal." *Coman v. International Playtex, Inc.*, 713 F. Supp. 1324, 1327 n.6 (N.D. Cal. 1989) (quoting *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1468 n.2. (C.D. Cal. 1989)).

---

[1] The parties also dispute when this thirty-day period began to run. (ECF Nos. 7, 9). Plaintiffs contend that the thirty-day window would have begun when the Supreme Court decided *Knick*. (ECF No. 7). Defendants argue that they had thirty days from when the decision became final. (ECF No. 9). Because the court finds other issues dispositive of this motion, the court need not address this argument.

Indeed, the weight of authority suggests that an intervening court decision in an unrelated matter is not, in fact, "other paper" for the purposes of 28 U.S.C. § 1441(b)(3). *See, e.g., Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 732 (S.D. West Va. 2005) (decision in an unrelated case is not an "order or other paper" providing basis for removal under section 1446(b)); *Lozano v. GPE Controls,* 859 F.Supp. 1036, 1038 (S.D.Tex.l994) (judicial opinion in an unrelated case is not "other paper" under § 1446(b)); *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1468 (C.D. Cal. 1989) ("other paper" under section 1446(b) does not include intervening statutory or case law changes); *Coman v. Int'l Playtex, Inc.*, 713 F. Supp. 1324, 1327 (N.D. Cal. 1989) (new federal law removing ability to plead Doe defendants is not "other paper" triggering removal window); *Johnson v. Trans World Airlines, Inc.*, 660 F. Supp. 914, 917 (C.D. Cal. 1987) (right to remove does not emanate from subsequent development of case law); *Johansen v. Employee Benefit Claims, Inc*., 668 F. Supp. 1294 (D. Minn. 1987) (Supreme Court decision allowing removal for ERISA case was not "other paper"); *Avco Corp. v. Local 1010*, 287 F. Supp. 132 (D. Conn. 1968) (Supreme Court decision allowing removal for cases preempted by Labor Management and Relations Act was not "other paper").

Instead, courts consistently require that the "other paper" arise from the underlying litigation. *See, e.g.*, *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla. 1999) ("courts interpret Section 1446(b) to refer only to 'an amended pleading, motion, order or other paper' that arises within the case for which removal is sought."); *Chen v. China Airlines Ltd.*, 713 F. Supp. 1322, 1323 (N.D. Cal. 1989) ("other paper" under section 1446(b) refers to a paper in the case); *Holiday v. Travelers Ins. Co*., 666 F. Supp. 1286 (W.D. Ark. 1987) ("other paper" must be part of underlying suit; recent unrelated Supreme Court decision allowing removal for cases preempted by ERISA was not basis for removal).

The court joins the vast majority of its sister courts and finds that the *Knick* decision does not constitute "other paper" because it did not arise from the case the city seeks to remove. Therefore, the second removal window never opened. The only basis the city has for removal is federal question jurisdiction which, despite the *Williamson Cnty* decision, was apparent on the face

James C. Mahan
U.S. District Judge

- 5 -

of the complaint. Because the city did not remove within thirty days of the initial complaint, the city's post-*Knick* removal is not timely. The motion to remand is granted.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERD that the matter of *180 Land Company, LLC et al v. City of Las Vegas*, case number 2:19-cv-01471-JCM-EJY, be, and the same hereby is, REMANDED to the Eighth Judicial District Court.

The clerk shall close the case accordingly.

DATED October 18, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**